Dear Dr. Smith:
This office is in receipt of your request for an opinion of the Attorney General in regard to a dual officeholding question. You indicate the forensic pathologist for the Calcasieu Facility qualified for coroner and was unopposed, and will be sworn in March, 1996. In addition to being the forensic pathologist, he had been the Chief Deputy Coroner for the Parish and primary physician for the Parish Jail. You ask if it would be legal for him to be the Coroner, Forensic Pathologist and Jail Physician.
We first note that the office of coroner is defined in the dual officeholding statute, R.S. 42:62, as a separate political subdivision of the state.
R.S. 42:63 prohibits a person holding an elective office in a political subdivision of this state from holding at the same time a full time appointive office in the government of a political subdivision of the state or holding at the same time employment in the same political subdivision in which he holds elective office.
In accordance with R.S. 42:62 an appointive office is defined in part as any office in any branch of government which is specifically established or authorized by the constitution, laws of this state or ordinance of any political subdivision thereof which is filled by appointment by an elected public official or governmental body of such officials.
Therein employment is defined as any job compensated on a salary or per diem basis other than an elective or appointive office in which a person is an employee of the state or political subdivision.
Since R.S. 15:703 provides the governing authority of each parish shall appoint annually a physician to attend the prisoners and shall fix his salary, we find the position as parish jail physician is an appointive office under R.S. 42:62. On the basis this is a part-time appointive position, we would conclude the coroner may hold this position since a person holding an elective office is prohibited from holding a "full time" appointive office.
Likewise, with the position as jail physician being a part-time appointive office, there would be no prohibition of holding it the same time as having the full time position as forensic pathologist.
The significant question is whether as the coroner he can hold the position as forensic pathologist, and an answer for this question requires a determination of whether the position as forensic pathologist is an appointive full time position or under contract. A person holding an elective office in a political subdivision of the state is prohibited from holding full time appointive office in the government of the State or in a political subdivision thereof, or employment in the government of this state or in the same political subdivision in which he holds elective office.
The position of forensic pathologist is neither employment nor in the same political subdivision as coroner, for as previously observed the coroner is a separate political subdivision, and we are informed that the forensic pathologist obtains the position by contract with the police jury. This office has observed where an individual enters into a professional service contract such is not a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding prohibition, nor would such constitute an elective or appointive office. It is not a position in which the dual officeholding law is involved. Atty. Gen. Op. Nos. 93-190, 92-43, 90-578.
Accordingly, we would conclude the coroner, as a person holding elected office in a political subdivision of the state, may hold the full time position of forensic pathologist by a professional service contract with the parish police jury, and a part-time appointive office as parish jail physician.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR